**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MONIKA JACKSON-COOPER, *et al.*, | |
| Plaintiffs, | NO. 3:17-CV-00349 |
| v. | (JUDGE CAPUTO) |
| PENN ESTATES PROPERTY OWNERS ASSOCIATION, | |
| Defendant. | |

## MEMORANDUM

Presently before me is Plaintiffs' Complaint (Doc. 1), which fails to adequately plead the existence of subject matter jurisdiction. As such, the case will be dismissed, unless Plaintiffs file an amended complaint curing the jurisdictional defects within fourteen (14) days from the date of entry of the Order.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). 28 U.S.C.A. § 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "It is . . . well established that when jurisdiction depends upon diverse citizenship, the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). *See also Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the

state where he or she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). Domicile is established by one's physical presence in a state, or residence, and intent to remain there indefinitely. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir.2011). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *Williamson v. Osenton*, 232 U.S. 619 (1914).

Plaintiffs filed a Complaint against Defendant for violations of state law, alleging that this Court has original jurisdiction over the matter under 28 U.S.C. § 1332, the diversity statute. The Complaint states only that Plaintiffs "reside" in New Jersey. (Doc. 1, at 2). It does not, however, state where Plaintiffs are *citizens*.[1] Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

Therefore, because the Court's subject matter jurisdiction has not been properly alleged, the instant suit will be dismissed, unless Plaintiffs, within fourteen (14) days from the date of the Order, file an amended complaint curing the jurisdictional defects.

An appropriate Order follows.

March 3, 2017  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

---

[1] Or, more precisely, where Plaintiffs were citizens at the time the suit was commenced. *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570-71 (2004).